IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 8:16CV326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT R. FRAKES, Director of | ) | |
| Corrections; DIANE SABATKE- | ) | |
| RHINE, Deputy Director; MICHAEL | ) | |
| ROTHWELL, Deputy Director; | ) | |
| SHARON PETTID, Deputy Director; | ) | |
| RICHARD CRUICKSHANK, | ) | |
| Warden @ NSP; RANDY | ) | |
| BARTELT, Religious Coor. @ NSP; | ) | |
| TIMOTHY KRAMER, Religious | ) | |
| Coor. @ NSP; and RELIGIOUS | ) | |
| STUDY COMMITTEE MEMBERS, | ) | |
| et al, NDCS (multiple committee | ) | |
| members unknown), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Michael Joseph Sims, filed this case on July 5, 2016. He has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Sims' Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Sims is an inmate at the Nebraska State Penitentiary ("NSP"), and apparently is a member of the Native American Faith Group Practitioners ("NAFGP") at NSP. Suing several prison officials, Sims claims Defendants have impinged upon his First Amendment right to free exercise of religion in several ways: (1) As of July 1, 2016,

the time allowed for NAFGP to conduct a weekly sweatlodge ceremony was reduced from 2 hours to 1 hour, even though at least 2 hours allegedly is required to conduct the ceremony; NAFGP was informed it could conduct a biweekly 2-hour sweatlodge ceremony as an alternative, but other religious groups are allowed to worship on a weekly basis (Complaint, ¶¶ 1-9).[1] (2) The sweatlodge ceremonies are not permitted to conclude with the burning of tobacco prayer flags and ties (Complaint, ¶¶ 10-13).[2] (3) Sims cannot have more than 10 eagle feathers, but an eagle dance bustle which is used during ceremonial dance at Pow Wow allegedly requires 28 wing feathers and a tail feather (Complaint, ¶¶ 14-16).[3] (4) Only dues-paying members of a Native

---

[1] Sim alleges: "All defendants either alone or while in concert with another enacted a new administrative regulation 208.01, which precludes the Native American Faith Practitioners from conducting a weekly sweatlodge worship, while allowing every other faith group weekly worship." (Complaint, ¶ 4.) Sims further alleges: "It is the sincerely held religious belief that Native American Faith Practitioners must pray and purify in these conditions [exposed to impurities, mentally sick, spiritually sick, trauma, and witnessing acts of violence] as frequently as one can, daily if possible. Our weekly worships must continue or our spiritual balance will drastically decline and our ability to pray will be weakened and/or ineffective." (Complaint, ¶ 6.)

[2] Sims alleges: "All defendants either alone or in concert with another either enacted or enforced policy, prohibiting the use of tobacco for native american faith worship either for making ceremonial prayer ties, flags, and/or offerings by the sacred pipe smoke. It is my sincerely held religious belief and the Native American Faith practitioners, that tobacco be offered with our prayers to the spirit or spirits called upon for help. The smoke then carries. prayers to the spirit(s) and the creator. Without the tobacco ties, flags, and smoke offering through the sacred pipe my prayers are not making the connection with the creator." (Complaint, ¶¶ 10, 11.)

[3] Sims alleges that Defendants allegedly have refused to recognize the religious nature of the Pow Wow (Complaint, ¶ 23). He further alleges: "All defendants either alone or in concert with another either enacted or enforced policy restricting Native American Faith practitioners to the limit of 10 eagle feathers .... It is my sincerely held religious belief and the Native American Faith practitioners, that an eagle feather dance bustle is to be worn during ceremonial dance, at Pow Wow, to fulfill commitment to the creator, dance in honor of another, or to fulfill a vision. The ceremonial dance bustle is to emulate the images that is gifted by the creator.... My

American club are permitted to attend the Pow Wow (Complaint, ¶ 17-18).[4] (5) A ceremonial meal is not permitted at the Pow Wow (Complaint, ¶¶ 19-21).[5] (6) The Pow Wow is limited to 2 hours, while Sims claims that 8 hours on a weekend is required (Complaint, ¶¶ 24-27).[6] Sims alleges that he has "made several attempts

---

belief is that I must make the eagle feather ceremonial dance bustle to dance for the health and good help of my family & love ones, to help heal all those in attendance of the ceremonial dance and fulfill my obligations to the creator. The eagle feathers will make my prayers strong and loud and project the prayer to the creator in a harmony & balance." (Complaint, ¶¶ 14-16.)

[4] Sims alleges: "All defendants either alone or in concert with another either enacted or enforced policy restricting Native American Faith practitioners from attending spiritual ceremony, aka Pow Wow, requiring them to pay monthly due payments, and be a member of a [N]ative [A]merican club. It is my sincerely held religious belief and the Native American Faith practitioners, that all practitioners should be at the ceremonial dance, that those in need of a blessing of good health and good help should be allowed to attend and join in the prayers. Attendance should be available to anyone." (Complaint, ¶¶ 17-18.)

[5] Sims alleges: "All defendants either alone or in concert with another either enacted or enforced policy restricting Native American Faith practitioners to ceremonial meal as listed and approved on a 5 week cycle menu, no exceptions or special substitutions for the specific needs of the faith group. It is my sincerely held religious belief that a ceremonial meal is shared with everyone in attendance during ceremonial dance, aka Pow Wow, and that the meal is chosen by the faith practititioners [sic] reflecting the needs of the community and the season the ceremony is offered. It is my sincerely held religious belief and the Native American Faith practitioners that ceremonial foods include Buffalo meat [[N]orth [A]merican bison/buffalo not water buffalo], Elk, Venison [Deer], Wasna [dried meat pounded & mixed with berries], corn, squash, wild rice, berries, beans, breads, and potatos. The meal is served and shared with everyone in attendance at the ceremonial gathering, aka Pow Wow." (Complaint, ¶¶ 19-21.)

[6] Sims alleges: "The defendants either alone or in concert with another either enacted or enforced policy that limits [N]ative [A]merican club to two hour segments, which is referred to as Pow Wow. It is my sincerely held religious belief and the Native American Faith practitioners that ceremonial dance include prayers and

through interview requests, the grievance procedures, letters to the director's office, and numerous proposals to the warden(s), religious study committee members, religious coordinator(s), and the NSP staff," but that "[t]he defendants have not accommodated any requests" (Complaint, ¶ 22).

Sims brings this action under 42 U.S.C. § 1983 and seeks only injunctive relief, although he purports to sue all Defendants in their individual and official capacities. He has requested a temporary restraining order and preliminary injunction to allow the continuation of a weekly 2-hour sweatlodge ceremony (Filing No. 5).

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

--------

blessing by spiritual elder or medicine man, sharing of ceremonial songs, dances, honoring of those who made achievements, sharing of ceremonial meal, the give-away [honoring & gifting all those in attendance with small gifts of appreciation, and prayers with songs for a safe journey home [for our guests]. Currently, two hours is not sufficient to conduct these segments of our ceremony. Ceremonial Dances span days, due to the smaller community within this prison we require from 12:00 p.m. until 8 p.m. on a weekend, this would allow us to begin the day with a sweatlodge ceremony, invite guests to our dance and share in prayer, dancing, singing, meal, give-away, and farewell without any worry of being cut short." (Complaint, ¶¶ 24-26.)

that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  ANALYSIS

Although pleaded as a Section 1983 action to enforce rights arising under the Free Exercise Clause of the First Amendment, this action may also be maintainable under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides, in part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in [42 U.S.C. § 1997], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> > (1) is in furtherance of a compelling governmental interest; and
>
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  A jail, prison, or other correctional facility which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State, is an "institution." *See* 42 U.S.C. § 1997(1). RLUIPA defines "religious exercise" broadly as including "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

"It is well-accepted that '[p]rison inmates retain constitutional rights protected by the First Amendment, including the right to free exercise of religion.'" *Native Am. Council of Tribes v. Weber*, 750 F.3d 742, 748-49 (8th Cir. 2014) (quoting *Fegans v. Norris,* 537 F.3d 897, 902 (8th Cir. 2008). "Despite this promise, the prison context is one 'where it is so easy for governmental officials with so much power over inmates' lives to deny capriciously one more liberty to those who have already forfeited so many others.'" *Id.* (quoting *Yellowbear v. Lampert*, 741 F.3d 48, 53 (10th Cir .2014)). Consequently, "Congress granted additional protection for religious exercise by institutionalized persons through the enactment of RLUIPA." *Id.*

Inmates retain a private cause of action to enforce RLUIPA protections. *See* 42 U.S.C. § 2000cc-2(a) (explaining that "[a] person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government"). To succeed on such a claim, an inmate must initially produce "prima facie evidence" that the challenged government practice "substantially burdens [his] exercise of religion." *Native Am. Council of Tribes*, 750 F.3d at 49 (quoting 42 U.S.C. § 2000cc-2(b)). "If the inmate produces such evidence, the burden shifts to the government to prove every other element of the claim (*i.e.* that its practice furthers a compelling government interest and there are no less restrictive means of furthering that interest)." *Id.*

"[T]he existence of a sincerely held tenet or belief that is central or fundamental to an individual's religion is a prerequisite to a 'substantially burdened' claim under RLUIPA." *Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1115 (8th Cir.2007). "In order for a government practice to substantially burden a religious exercise, it must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted).

-6-

For purposes of initial review, and without prejudice to Defendants' ability to assert that the Complaint (Filing No. 1) fails to state a claim upon which relief can be granted, the court finds Sims' allegations are sufficient to nudge his First Amendment official-capacity claims for prospective injunctive relief across the "plausibility" line. However, Sims has not alleged an actionable claim against any Defendant in his or her individual capacity—it is only alleged in general terms that Defendants enacted or enforced various regulations and policies. Accordingly,

IT IS ORDERED:

1.      Plaintiff's claims for prospective injunctive relief may proceed and service is now warranted against the following Defendants in their official capacities only: (1) Scott R. Frakes, Director of Corrections; (2) Diane Sabatke-Rhine, Deputy Director; (3) Michael Rothwell, Deputy Director; (4) Sharon Pettid, Deputy Director; (5) Richard Cruickshank, Warden at Nebraska State Penitentiary; (6) Randy Bartelt, Religious Coordinator at NSP; and (7) Timothy Kramer, Religious Coordinator at NSP.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the Court will provide. The Clerk of the Court shall send SEVEN (7) summons forms and SEVEN (7) USM-285 forms (for service on Defendants in their official capacities only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with copies of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule

of Civil Procedure 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.     Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 90 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5.     Plaintiff is hereby notified that failure to obtain service of process on a Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such Defendant. A Defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

6.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "December 19, 2016: Check for completion of service of summons."

7.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8.     Once service of process has been completed, the court will schedule a hearing on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Filing No. 5).

DATED this 19th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

-8-