IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 8:16CV326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT R. FRAKES, Director of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On January 17, 2017, the court entered judgment dismissing Plaintiff's action without prejudice for failure to exhaust available administrative remedies (Filing No. 21). On February 6, 2017, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 22). For the reasons discussed below, the motion will be denied.

Plaintiff argues the court erred in dismissing the action because he included both exhausted and unexhausted claims in his complaint. *See Jones v. Bock*, 549 U.S. 199, 219-26 (2007) (inmate's noncompliance with PLRA's administrative exhaustion requirement as to some, but not all, claims brought in civil rights action does not warrant dismissal of entire action).

As discussed in the court's September 19, 2016 memorandum and order on initial review of the complaint, Plaintiff claimed that Defendants impinged upon his First Amendment right to free exercise of religion in several ways:

> (1) As of July 1, 2016, the time allowed for NAFGP [Native American Faith Group Practitioners] to conduct a weekly sweatlodge ceremony was reduced from 2 hours to 1 hour, even though at least 2 hours allegedly is required to conduct the ceremony; NAFGP was informed it could conduct a biweekly 2-hour sweatlodge ceremony as an alternative,

but other religious groups are allowed to worship on a weekly basis (Complaint, ¶¶ 1-9). (2) The sweatlodge ceremonies are not permitted to conclude with the burning of tobacco prayer flags and ties (Complaint, ¶¶ 10-13). (3) Sims cannot have more than 10 eagle feathers, but an eagle dance bustle which is used during ceremonial dance at Pow Wow allegedly requires 28 wing feathers and a tail feather (Complaint, ¶¶ 14-16). (4) Only dues-paying members of a Native American club are permitted to attend the Pow Wow (Complaint, ¶ 17-18). (5) A ceremonial meal is not permitted at the Pow Wow (Complaint, ¶¶ 19-21). (6) The Pow Wow is limited to 2 hours, while Sims claims that 8 hours on a weekend is required (Complaint, ¶¶ 24-27).

(Filing No. 10 at CM/ECF pp. 1-3 (footnotes omitted)).

Plaintiff contends that the second and third claims identified above were administratively exhausted. The record does not support this contention.

In the section of the standard form complaint in which Plaintiff was instructed to describe the steps he took to present the facts relating to the complaint in the state prisoner grievance procedure, Plaintiff stated: "I submitted an emergency grievance to the NSP staff, [aka step one], and followed that with a step two to the Director's Office." (Filing No. 1 at CM/ECF p. 3 (bracketed language in original)). He then stated that "[t]he emergency greivance [*sic*] resulted with response that facts didn't satisfy an emergency; and I'm awaiting the response from the Director's Office." (*Id.*) Plaintiff was then asked whether any aspect of this grievance procedure was still pending, to which he responded: "Yes, Step Two has not been answered by the Director's Office." (Filing No. 1 at CM/ECF p. 4). No copies of any grievances or responses were attached to the complaint.

Defendants filed a motion to dismiss on December 12, 2016 (Filing No. 18), and argued in their supporting brief that the action was premature because Plaintiff had failed to exhaust his administrative remedies (Filing No. 19 at CM/ECF pp. 3-4).

Plaintiff made no response whatsoever to the motion to dismiss. Plaintiff also has submitted no evidence in support of his Rule 59(e) motion.

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to ... raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286).

Plaintiff has not shown that the court's judgment was the result of manifest error of law or fact, nor has he presented any newly discovered evidence. He has only made an unsubstantiated argument that two of the six claims alleged in the complaint "are exhausted using multiple methods for exhaustion purposes." (Filing No. 22 at CM/ECF p. 1). This argument, together with any available supporting evidence, could have been presented to the court prior to the entry of judgment, but Plaintiff did not do so.

IT IS THEREFORE ORDERED that Plaintiff's Rule 59(e) motion (Filing No. 22) is denied.

DATED this 8th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge